UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMA MCDONALD and
KEVIN MCDONALD,

Plaintiffs,

v. C.A. No. 05-121 ML

TOURBILLON TRAILER SALES, INC.
and M&T CREDIT CORPORATION,

Defendants.

## ANSWER AND CROSS-CLAIM

## ANSWER

Defendant M&T Credit Corporation ("M&T") hereby responds as follows to the Complaint of Plaintiffs Norma and Kevin McDonald ("McDonald").

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

M&T hereby responds as follows to the correspondingly numbered factual allegations of the Complaint:

### Introduction

1. M&T denied the allegations contained in Paragraph 1.

### Parties/Jurisdiction/Venue

2. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

8

4. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. M&T admits the allegations contained in Paragraph 5.

6. Paragraph 6 contains legal conclusions to which no responsive pleading is required. To the extent that Paragraph 6 contains factual allegations, said allegations are denied.

7. Paragraph 7 contains legal conclusions to which no responsive pleading is required. To the extent that Paragraph 7 contains factual allegations, said allegations are denied.

8. Paragraph 8 contains legal conclusions to which no responsive pleading is required. To the extent that Paragraph 8 contains factual allegations, said allegations are denied.

**Factual Allegations Common To All Counts**

9. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Paragraph 10 contains legal conclusions to which no responsive pleading is required. To the extent that Paragraph 10 contains factual allegations, said allegations are denied.

11. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. Insofar as the allegations contained in Paragraph 30 recites the contents of a contract, no responsive pleading is required, as the contract speaks for itself. To the extent that the recitation contained in this paragraph differs from the express language of the contract or to the extent that this paragraph makes any allegations against M&T, said allegations are denied.

31. Insofar as the allegations contained in Paragraph 31 recites the contents of a contract, no responsive pleading is required, as the contract speaks for itself. To the extent that the recitation contained in this paragraph differs from the express language of the contract or to the extent that this paragraph makes any allegations against M&T, said allegations are denied.

32. M&T admits the allegations of Paragraph 32.

33. M&T admits the allegations of Paragraph 33.

34. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38. Paragraph 38 contains legal conclusions to which no responsive pleading is required. To the extent that Paragraph 38 contains factual allegations, said allegations are denied.

39. Paragraph 39 contains legal conclusions to which no responsive pleading is required. To the extent that Paragraph 39 contains factual allegations, said allegations are denied.

40. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42. Paragraph 42 contains legal conclusions to which no responsive pleading is required. To the extent that Paragraph 42 contains factual allegations, said allegations are denied.

**A. Breach of Express Warranty**

45-55. The allegations of this cause of action focus solely on co-defendant Tourbillon Trailer Sales, Inc. ("Tourbillon"). To the extent that any allegations in these paragraphs relate to M&T, said allegations are denied.

**B. Breach of Implied Warranty of Fitness For A Particular Purpose**

56-64. The allegations of this cause of action focus solely on Tourbillon. To the extent that any allegations in these paragraphs relate to M&T, said allegations are denied.

**C. Rejection**

65. M&T denies the allegations of Paragraph 65 related to alleged communications between McDonald and M&T. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the balance of Paragraph 65.

**D. Revocation of Acceptance**

66. Paragraph 66 contains legal conclusions to which no responsive pleading is required. To the extent that Paragraph 66 contains factual allegations, said allegations are denied.

67. M&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67.

**E. Breach of Duty of Good Faith**

68-69. The allegations of this cause of action focus solely on Tourbillon. To the extent that any allegations in these paragraphs relate to M&T, said allegations are denied.

## F. Liability of Assignee M&T

70. M&T denies that Exhibit A is a full and accurate copy of the retail installment sales contract.

71. Paragraph 71 contains legal conclusions to which no responsive pleading is required. To the extent that Paragraph 71 contains factual allegations, said allegations are denied.

72. Paragraph 72 contains legal conclusions to which no responsive pleading is required. To the extent that Paragraph 72 contains factual allegations, said allegations are denied.

## First Affirmative Defense

McDonald's claims are barred by the parole evidence rule.

## Second Affirmative Defense

McDonald's claims are barred by the doctrine of unclean hands.

## Fourth Affirmative Defense

McDonald's claims are barred by the doctrines of waiver and/or estoppel.

## Fifth Affirmative Defense

McDonald's claims are barred by lack of standing.

## Sixth Affirmative Defense

McDonald's claims are barred by lack of privity.

## Seventh Affirmative Defense

McDonald's claims are barred by acceptance of the goods and/or failure to reject and/or revoke in a timely fashion.

WHEREFORE, M&T requests an Order of this Court denying and dismissing all claims and prayers for relief contained in McDonald's Complaint, and requests a Judgment in its favor in the amount of M&T's costs of suit and reasonable attorneys' fees.

**CROSS-CLAIM**

M&T hereby alleges the following in support of its Cross-claim against Tourbillon:

1. To the extent that M&T is found liable to McDonald, that liability is solely the result of actions and/or omissions on the part of Tourbillon.

2. Tourbillon is therefore liable to M&T under principals of equitable indemnification for all amounts for which M&T might be found liable to McDonald.

WHEREFORE, M&T demands relief as follows:

1. Issuance of a judgment against Tourbillon for the total amount of damages that may be assessed against M&T in this action;

2. The costs of this action;

3. Interest;

4. Attorneys' fees and,

5. Such further relief as this Court deem appropriate.

M&T CREDIT CORPORATION

By their Attorneys,

Patricia A. Sullivan (#2120)
Armando E. Batastini (#6016)
Raymond M. Ripple (#6489)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 23rd day of May, 2005, I caused a true copy of the within Answer and Counterclaim to be served by first class mail, postage prepaid, to the following counsel of record:

John T. Longo, Esq.
MACKIE & REILLY
681 Smith Street
Providence, RI 02908

Robert D. Parrillo, Esq.
The Parrillo Law Firm
128 Dorrance Street, Suite 450
Providence, RI 02903